## *Nathan Smilie* vs. *Runnels* and *Hunt.*

That in serving a writ on several defendants, when property is attached, a copy must be left with each.

THE writ in this case issued in common form, declaring upon a note of $291,19, signed by both of the defendants. The service was made by attaching the goods of the defendants, in

*Cambridge*, where *Runnels* lived; *Hunt* ( Franklin, Jan. 1828.
·then living in *Fairfax*, in the same county. ) *Smilie* vs. *Runnels et al.*
The writ was served by the constable of *Cambridge*, who made
his return that he attached the goods, &c. of the defendants, and,
at the same time, left a true and attested copy of said writ, with
a list of the property attached, with his said doings thereon endorsed, in the hands of the defendants.—Then followed upon
the writ, a writing, as follows : "We hereby agree to accept of
" one copy as the service of this writ.

　　　" RUNNELS and HUNT, *per S. B. Hunt.*"

It was understood that *S. B. Hunt*, who signed said agreement
was a clerk in said defendant's store when said writ was served.

The defendants jointly put in a plea of abatement to said writ
for want of service on *Luther B. Hunt*, one of the defendants, by
delivering him a copy &c. The plaintiff replied to the officer's return, by way of estoppel to said plea. The only question brought
up from the County Court for this court to decide was, whether
the above plea in abatement ought to succeed?

For the plaintiff it was contended, That it appears by the officer's return on the writ that he "left a true and attested copy of
"·the writ &c. in the hands of the defendants ;" which return
*Hunt*, one of the defendants, cannot by law be permitted to contradict; nor can *Hunt* be suffered to allege or prove that a copy
was not left with him, or allege or prove any thing contrary or repugnant to said return.—4 *Mass.* 478, *Slayton* vs. *Inhabitants
of Chester*. Neither the letter nor spirit of the statute, regulating
the mode of service when "the goods or chattels of any person or
" persons shall be attached," requires a copy to be left with each
of several defendants; much less with each of several partners.
*R. L.* 64. The object contemplated by the statute, in requiring
a copy to be left in such cases, is to give notice to the world that
such property is attached, and not for the exclusive benefit of the
persons whose property is so attached. The common law rules
relative to partnerships, the rights and powers which one partner
has to bind his copartner by his own acts, in the absence of statutory regulations, must govern in this case. Thus an acceptance of a bill of exchange by one of several partners binds the
firm : a notice to one of several partners of a protest, or non-pay-

*Franklin, Jan. 1828.*
*Smilie vs. Runnels et al.*

ment of a bill, is a sufficient notice to all. *Com. on Contracts,* 307-8.—20 *Johns.* 176, *Gowan vs. Jackson.*—*Bayley on Bills,* 183. After an appearance to the suit, no objection can be raised to the irregularity of the service.—3 *Cranch,* 490.

For the defendants it was contended, That where property is attached, a copy must be left with each of the defendants; and leaving a copy with one of the defendants is not service on the others.—*Stat.* 65.—5 *Munf.* 550, *Sheelds vs. Oney.*—*Kirby,* 87, *Bradley vs. Camp.*—*Mont. on Part.* 84.—*Sw. Dig.* 589. One partner cannot acknowledge service in the name of the firm, to bind the others.

HUTCHINSON, J. delivered the opinion of the court. The whole question rests upon the sufficiency of the officer's return. The defendants do not contend for the right to contradict that return by a plea in abatement, nor does the plaintiff contend that the clerk in the store with the ordinary powers of one in that employment, could bind the defendants by any acceptance of service of the writ, or waiver of a copy required by law, or any agreement to accept one copy for both defendants.

The return, then, shows that the officer delivered a copy to the defendants. He says nothing about a copy for each defendant. The legal inference is, that he delivered one copy where he took the property, or with one defendant. And no inference can be drawn from that return that more than one copy was left. Indeed such inference is negatived by the officer's procuring the clerk to agree to accept one copy for both defendants. This return must have borne the same construction had there been twenty defendants, and they had resided not only in different towns, but in different counties, or in different states.

If the effect of the judgment in this case had only been to affect and bind the joint property of the two defendants, and could never be used against their bodies, nor against their individual property, there would be no impropriety in establishing such a return as this. But the case is otherwise. The judgment would stand against the defendants individually, as well as in their partnership character. The statute refered to by the defendants, clearly requires a copy to be left with each defendant, in order to make the service

legal. After a legal service is made, notice $\big($ Franklin Jan. 1828.
in fact to one partner in a suit upon contract, $\big($ Smilie vs.*Runnels et al.*
may be sufficient notice to both. But the service must be regu-
larly made on both. Such have been the repeated decisions in
this state ; and such they ought to be. The judgment of the court
is that the writ abate and the defendants recover their cost.

*Read* and *Beardsley*, for plaintiff.

*Hunt*, for defendant.