WINDHAM,<br>February,<br>1830.<br><br>State<br>vs.<br>Wheeler.

Judgement arrested.

---

OVERSEERS OF READING, appellees *vs.* OVERSEERS OF WEATH-
ERSFIELD, appellants.

WINDSOR,<br>February,<br>1830.

Under the statute which authorized the select men of a town to warn persons to depart from the town to prevent them from gaining a legal settlement therein,—it was held that it must appear from the return of the officer who served the warning that a copy was left with each of the persons named in it, and that the service would be effectual only as to those persons with whom it appeared a copy was left.

Nothing can be *intended* in an officer's return but what is necessarily, or fairly implied from what is *expressed.*

This was an appeal from an order of removal of one *Isaac Carrier*, a pauper, from the town of *Reading* to the town of *Weathersfield*. It appeared that the pauper had, previous to the first day of December, 1803, gained a settlement in *Weathersfield*, and that about that time he went to reside in *Reading*, and had gained a settlement there, unless he was prevented from gaining such settlement by a warning, of which the following is a copy :

" State of Vermont, } To either constable of *Reading*, in
" Windsor county, ss. } the county of Windsor—Greeting.
" You are hereby required to summon *Isaac Carrier*, Polly
" Carrier, Green Carrier, Amos Carrier and Prudence Steward,
" now residing in *Reading*, to depart said town. · Hereof fail not,
" but of this precept, and your doings herein, due return make
" according to law. Given under our hands at *Reading* this 23d
" day of December, A. D. 1803.

" *Elias Jones,* } Select
" *William Howard* } men of
" *Thos. Brown, jr.,* } Reading."

" State of Vermont, }
" Windsor county, ss. } Reading, January 4, 1804.
" This day served this precept by leaving a true and attested
" copy of this writ with my return thereon with the within named
" persons.

*Elisha Bigelow,* constable."

The county court rendered judgement that the pauper was unduly removed. The town of *Reading* excepted to the decis-

ion, and the case was thereupon reserved for the opinion of this Court.

Reading
*vs.*
Weathersfield.

*Aikens, for the town of Reading.*—1. The mode of service is prescribed.—1 *Stat. ( Tol. Ed.) p.* 400 *;* and *Stat. (Slade's Ed.) p.* 64, *ch.* 7, *s.* 26. The officer has returned, that he has performed his duty, in the very language, in substance, in which the duty is prescribed, as appears by the following collocation.

*Statute.—The precept shall be served on the defendant or defendants,*
*Officer.*——I    this    day    served    this    precept
*by delivering    him, her, or        them a true and attested copy*
by leaving with the within named persons a true and attested copy
*of said writ, with the officer's return thereon.*
of said writ, with        my    return thereon.

2. The truth of the return is possible.

3. If any thing is to be supplied by intendment, it is as necessary for the *rule of conduct,* as for the *history* or *return* of it.   If, by intendment, the language of the statute is to be understood to require a *separate* copy for *each* person, by the same intendment, the same language in the return must be understood to import that a *separate* copy was *left with* each person.

4. The sufficiency of this return, under this statute, cannot be avoided, but by resorting to *conjecture,* where nothing is left to conjecture *;* and that conjecture must be *against* the grammatical and fair import of the language.   Who are " *the within named persons* ?"   Surely not *one* or *two,* but *all* of them.   And who are *all,* but each distributively?   Then *all* have had " *a copy*" —and if all, then *each ;* or the return is false.   But as the return is possible, it cannot be adjudged to be false and void from impossibility.

5. This process is not penal, and does not affect the person of the pauper.   He is not bound to obey the precept, and he is as secure of his maintenance with this process against him as without it.   It is a mere *municipal* regulation. *Notice,* to other towns, of the intention of a town to which a citizen removes, touching his future maintenance, in case of misfortune, is *all* that the legislature contemplated by the act providing for this process. When once that intention is fairly and substantially manifested by the record of the town, every object of the law is satisfied.   To overthrow the acts of a town, which are done in good faith, and to a certainty to a common intent, on the ground of technical niceties, bordering on quibble, is avoiding, in effect, every beneficial

Windsor,
February,
1830.

Reading
vs.
Weathersfield.

object of the legislature in passing the law, and rendering it a source of vexatious litigation to the people. It is respectfully submitted, therefore, whether the courts have not already gone *far enough,*if not too far,in avoiding these notices on technical grounds.

6. It is notorious that many of these returns are in this form.

7. I am unable to discern, from any reported case, that this Court has ever gone so far as would be necessary to overthrow *this* return on technical grounds.

*Hubbard, for Weathersfield.*—The question will turn upon the service of the warning. The return states, " I this day served *this precept* by leaving a true and attested copy of this writ with my return thereon, with the within named persons." It has been uniformly decided in this Court, that the statute must be strictly pursued in the service of a warning-out process.—*Townsend vs. Athens*, 1 *Vt. Rep.* 284.

1. It does not appear upon *whom* the precept was served : the return does not state. The within named *persons*, are all the persons named,including the select men.

2. The service would not be good unless a summons was delivered to each of the paupers within named. One summons *could not* be delivered to each and all named.

3. The officer's return must show that he left his copy with the persons with whom he ought to leave it.—*Townsend vs. Athens*, 1 *Vt. Rep.* 286. Nothing can be supplied by parol to make the return good.—*2 Aik. Rep.* 272-5-6.

Prentiss, Ch. J., pronounced the opinion of the Court.— Whether the pauper acquired a settlement in *Reading*, and thereby lost his former settlement in *Weathersfield,*depends upon the inquiry,whether or not, before his year's residence in *Reading* was complete, he was duly warned to depart from the town. The warning relied upon contains the names of the pauper and four other persons, and appears to be in the form prescribed by the statute ; and the question, and the only question in the case, is, whether the return upon the warning shews a sufficient and valid service of it upon the pauper.

The act, under which the warning was issued, provides, that the warning shall be served in the same manner as writs of summons are by law required to be served ; and unless it is served in that manner, the service is void. The statute, *(Comp, Stat. p.* 64, *s.* 26,) declares, " that all writs

WINDSOR,
*February*,
1830.

Reading
*vs.*
Weathersfield.

of summons shall be served on the defendant or defendants, by delivering him, her or them, a true and attested copy of the writ, with the officer's return thereon ; or by leaving such copy at the house of his, her, or their usual abode," &c.   The delivery of a copy of the summons to the party, or leaving it at his usual abode, constitutes the service of the writ ; and where there are several defendants, to make the service valid upon all, it must appear affirmatively and expressly from the officer's return, that he has delivered a copy to each.—(*Smilie* vs. *Runnels et al.* 1 *Vt. Rep.* 148.)   The warning in the present case was served, as the return upon it states, *by leaving a copy with the within named persons* ; importing that only one copy was delivered ; and unless the delivery of one copy only would constitute a valid service upon all the persons named in the warning, it cannot be good service upon any of them, so long as no one in particular is named.   The only way in which the return can be supported, is, by construing it to mean, that a copy was left with *each* of the persons named in the warning.   But to give this reading to the return, we must add an essential word to it, or intend what is certainly not expressed.   If the officer delivered a copy of the warning to each of the persons named in it, it was easy for him to have said so.   Officers are bound to return specifically and expressly their doings; and where there is a material omission or a deficiency, we cannot supply it by intendment, without subverting the settled doctrine relative to officers' returns.   Nothing can be intended but what is necessarily or fairly implied from what is expressed ; and to go beyond this, would be giving countenance to vague and defective returns, and would lead officers into a very loose and irregular practice in the performance of their duties.   As the return in this case does not state, that a copy was left with each of the persons named in the warning, or with the pauper in particular, we are all clear that the return is insufficient, and shews no legal service of the warning upon the pauper.

Judgement affirmed.

See *Waterford* vs. *Brookfield*, 2 *Vermont Reports*, 200, where the same point was decided.—*Ed.*